FILED

NOT FOR PUBLICATION

JUL 02 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10378 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00607-JSW |
| v. | |
| DAMON SYKES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Damon Sykes appeals from the 252-month sentence imposed following his

guilty-plea conviction for three counts of armed bank robbery, in violation of 18

U.S.C. § 2113(a) and (d), and one count of conspiracy to commit armed bank

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

robbery, in violation of 18 U.S.C. § 371.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sykes contends that the district court failed to adequately explain why a 252-month sentence was the minimum necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a), and failed to offer reasons to justify the degree of the variance.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and we find none.  The district court sufficiently explained the sentence imposed.  *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Sykes also contends that his above-Guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the section 3553(a) sentencing objectives.  He argues that the district court overstated the seriousness of his criminal history and the nature of the armed bank robberies, failed to give sufficient weight to his mitigating circumstances, and created an unwarranted sentencing disparity with other similarly-situated defendants.  The record reflects that, under the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**